## MERRITT *v.* JOWERS.

No. 11862.   October 15, 1937.

*Heath & Heath,* for plaintiff.
*Mingledorff & Roberts,* for defendant.

Russell, Chief Justice.   In September 1936, Tommie Merritt brought suit seeking to cancel a deed executed by him during his minority to M. C. Jowers, as a cloud upon his title, to recover possession of the land so conveyed, to have the title decreed in him, and to recover of Jowers the rents and profits of the land. The plaintiff alleged that in 1930, when he was 19 years old, because of force, intimidation, threats, and coercion of his father, he executed to Jowers a deed to such land; that such conduct on the part of his father was brought about by the wrongful acts of Jowers in making the plaintiff's father drunk for the purpose of having him force the plaintiff to execute such deed; that the plaintiff received none of the consideration for such deed, and now has nothing in his possession representing the consideration therefor; that a portion of the consideration was the conveyance by the defendant to the plaintiff of a smaller tract of land worth very little, which the plaintiff was thereafter forced by his father to convey to a Nelia M. Smith, and for which the plaintiff received no money or other benefit; and that from the premises so conveyed by plaintiff to Jowers the latter has been and is receiving the annual rents and profits.   The defendant demurred generally to the petition, setting up that no cause of action for equitable relief was stated therein; that even if the plaintiff were otherwise

entitled to the relief sought, he should, in equity, recover from Nelia M. Smith the land which he alleged he received from the defendant in exchange for the land he sought to recover and which he conveyed to her in duress, so that he could restore that land to this defendant, it appearing that the plaintiff "conveyed said property to Nelia M. Smith nearly two years after he became of age and under threats and duress from his father, and yet he fails and refuses to recover said property so that he could return it to defendant, while he seeks to recover from the defendant the land conveyed to him." The judge sustained the demurrer and dismissed the action, and the plaintiff excepted.

■ The deed of an infant is voidable at his pleasure upon majority. Code, § 29-106. He may disaffirm the same within a reasonable time after attaining his majority; and if he fails to do so, the right of avoidance on the ground of infancy is lost. What is a reasonable time is a question of fact for the jury to determine, and depends upon the facts of each particular case, but will not be longer than seven years after the disability is removed. *McGarrity* v. *Cook,* 154 *Ga.* 311 (114 S. E. 213). The plaintiff having attained his majority only two years after the execution of the deed in question in 1930, and this suit to disaffirm such deed having been instituted in 1936, under the facts alleged in the petition and the averments thereof regarding the circumstances of the execution of the deed and the subsequent events, it does not appear as a matter of law that the plaintiff is estopped from now disaffirming his deed.

■ It is true that where the infant grantor, upon attaining his majority, seeks to avoid his deed or other contract and at the same time has in his possession and seeks to retain possession of the consideration of his deed or the proceeds thereof, equity will interpose the bar of estoppel. Equity will not, under such circumstances, permit the infant grantor to repudiate his deed on account of his minority and at the same time retain that which is the fruit of the contract. Code § 20-201 should be construed in pari materia with § 29-106, supra. See *White* v. *Sikes,* 129 *Ga.* 508 (59 S. E. 228, 121 Am. St. R. 228). However, following the weight of authority on this question, it has been held that while an infant should not be allowed to avoid his contract without making a restitution of any money or property which he has

received under the contract, yet he is not required to make restitution as a condition precedent to a disaffirmance, unless at the time of the attempted disaffirmance he has the fruits of the contract in his possession. *Gonackey* v. *General Accident &c. Cor.,* 6 *Ga. App.* 381, 383 (65 S. E. 53) ; *Hughes* v. *Murphy,* 5 *Ga. App.* 328, 331 (63 S. E. 231). Pursuant to the provisions of section 20-201 of the Code, in a suit prosecuted on behalf of an infant, to recover either the property parted with by him or its value, or damages for a fraud practiced upon him in such a transaction, an offer to rescind the contract or to return the property he has received in exchange is not an indispensable prerequisite to the maintenance of the action. *Shuford* v. *Alexander,* 74 *Ga.* 293. Applying these principles, the petition set up a cause of action. The judge erred in sustaining the general demurrer and in dismissing the action.          *Judgment reversed. All the Justices concur.*